UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                      NOTICE OF MOTION

DILKHAYOT KASIMOV,

                                                15-CR-95 (WFK)
                         Defendant.

------------------------------------------------------------x

       PLEASE TAKE NOTICE, that upon the annexed affirmation of Kelley Sharkey, Esq. sworn July 20, 2019, and upon the memo of law from Kelley Sharkey, Elizabeth Macedonio, and Abraham Rubert-Schewel, the indictment, and all other proceedings here, the defendant, Dilkhayot Kasimov, will move this Court on a date to be determined by the Court, for an Order directing:

    1. A Motion for Discovery pursuant to Federal Rules of Criminal Procedure 12 and 16;

    2. An Order directing government counsel to supply the defense with all co-defendant, or co-conspirator, statements made to law enforcement and referenced in ECF filings of Abdurasul Juraboev ECF No. 60, Akmal Zakirov ECF No. 90, Azizjon Rakhmatov, Abror Habibov ECF No. 105, Akhror Saidakhmetov ECF No. 61. *This includes all statements made by witnesses the government does not intend to call at trial.*

    3. Disclosure of all materials in the possession of the Government favorable to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963);

    4. Disclosure of Trial Exhibits and 3500 Material;

    5. Dilkhayot Kasimov joins in all motions relevant to his case filed by co-defendant Aziz Rahkmatov including:

      I. Motion to Dismiss Counts One and Count Two of the Indictment, ECF No. 326, and;
      II. Motion to Suppress Telecommunications Information, Cell Site Information and materials recovered from an I Phone. ECF No. 324.

    6. Reservation of rights to bring additional motions if appropriate and timely.

Attorneys for Dilkhayot Kasimov

By:
*/s/ Kelley J. Sharkey*
Kelley J. Sharkey, Esq.
26 Court Street, Suite 2805
Brooklyn, N.Y. 11242

Elizabeth Macedonio
40 Fulton Street, 23rd Floor
N.Y., N.Y. 10038

Abraham Rubert-Schewel
The Woolworth Building
233 Broadway, Suite 2220
N.Y., N.Y. 10279

DATED:       July 20, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                         AFFIRMATION AND

                -against-                                              MEMORANDUM OF LAW

DILKHAYOT KASIMOV,                                 15 CR 95 (WFK)

                    Defendant.
------------------------------------------------------------x

       KELLEY SHARKEY, a member of the Bar of this Court, affirms the following under penalty of perjury:

       That I, along with Elizabeth Macedonio and Abraham Rubert-Schewel are the attorneys of record for the defendant. We are fully familiar with all the facts and circumstances as revealed by the file and submit this affirmation and memorandum of law in support of various motions made by defendant.

       **Introduction**

       The indictment alleges that between August 8, 2014 and February 25, 2015 Kasimov and other co-conspirators knowingly and willfully attempted and conspired to provide material support and resources, as defined in 18 U.S.C. §2339B to the Islamic State of Iraq and al-Sham, a designated foreign terrorist organization. Kasimov is accused of providing $1600.00 to Saidakhmetov at JFK International airport to aid in his traveling to assist ISIS.

       On February 25, 2015 Dilkhayot Kasimov was arrested on immigration charges. He was questioned for hours by law enforcement officers about his alleged activity at JFK Airport, the

circumstances leading up to that event, and his knowledge about the other co-defendants charged in the indictment. Dilkhayot Kasimov was arraigned on April 8, 2015 and entered a plea of not guilty.

The government has provided discovery on a rolling basis. On May 17, 2019 the defense, in accord with District practice, sent a Rule 16 request to government counsel. *See* Exh. A. There has been no response to that request, except a recent conversation with AUSA Kessler that the government may respond to "more specific" inquires.

This case is scheduled to proceed to trial on September 12, 2019 and Motions in Limine are due on August 2, 2019. The defense respectfully requests government counsel respond to this request within 10 days of filing so that defense counsel may comply with the Court's scheduling order.

### I. Motion for Discovery

Pursuant to Federal Rules of Criminal Procedure 12(b) and 16 the defense requests the Court Order disclosure, or affirmation, from government counsel, that requested evidence does not exist. This Court has the inherent authority to order discovery in accord and beyond the bounds of the discovery rules. The Advisory Committee Notes to the revision of the Federal Rule of Criminal Procedure 16 explain that Rule 16 is "intended to prescribe the minimum amount of discovery to which the parties are entitled. It is not intended to limit the Court's discretion to order broader discovery in appropriate cases."

In accord with local practice rules, counsel for Dilkhayot requested disclosures pursuant to Rule 16. *See* Ex. A. Letter to government counsel dated May 17, 2019.

The defense respectfully requests the Court order disclosure of all items requested, including:

3

A.     Immediate notice of any statement the government intends to introduce on its case in chief. Including any statement purportedly made by the defendant to law enforcement officers at the time of his arrest, while in Immigration custody or in the B.O.P.

    Government counsel has provided the defense with two statements. One was videotaped and occurred on the day of the defendant's initial arrest. The second statement occurred on April 8, 2015. The defense requests notice of any and all statements of Dilkhayot Kasimov the government intends to introduce at trial. This includes statements made directly to law enforcement, statements obtained from electronic sources such as phones, listening devices, and statements made to co-conspirators.

B.     Immediate notice of expert testimony the government intends to introduce at trial pursuant to Rule 16(a)(1)(G) Fed. R. Crim. Proc. Immediate notice of this sort of testimony is necessary so that counsel may respond to sufficiency of the notice and/or retain an expert to inform the defense or rebut the testimony. This information was initially requested on May 17, 2019.

C.     Counsel moves for immediate disclosure of evidence of uncharged crimes and other bad acts. On May 17, 2019 counsel for Dilkhayot Kasimov requested this information pursuant to Federal Rule of Evidence 404(b). The defense seeks to preclude the government from offering at his trial, evidence of uncharged crimes, or in the alternative, requests an Order, pursuant to Fed. Rule of Crim. Proc. 16 (a)(1)(c), directing the government to disclose any and all acts which the government would seek to introduce against the defendant pursuant to Federal Rule of Evidence 404(b) in such sufficient and reasonable time that the defendant may make a 404(b) motion to preclude the introduction of such evidence.

As explained below, this evidence is discoverable under Rule 16 because (a) it is "material to the preparation of the defense," and (b) much of it constitutes evidence that government intends to introduce as "evidence in chief."

A defendant in a criminal case must be afforded "a fair opportunity to meet the critical and damaging proof of an offense not presented against him in the indictment." *United States v. Baum*, 482 F.2d 1325, 1332 (2d Cir. 1973). In this way, a defendant may seek pre-trial rulings to bar the admission of such evidence and at the same time also prepare to meet any such evidence ruled admissible after the pre-trial rulings. In *Baum*, the Second Circuit reversed a conviction where the government failed to give adequate notice of other crimes evidence.

The Court stated:

> Confronted for the first time with the accusation of prior criminal conduct and the identity of the accuser, the defendant had little or no opportunity to meet the impact of this attack in the midst of the trial. This precarious predicament was precipitated by the prosecutor.

*United States v. Baum*, 482 at 1331.

In the Second Circuit, evidence of uncharged crimes are admissible as long as the evidence of the uncharged acts are relevant to some disputed issue in the trial and the evidence does not show a propensity for criminality on the part of the defendant. *United States v. Brennan*, 798 F.2d 581 (2d Cir. 1986). In *United States v. Gilan*, 967 F.2d 772 (2d Cir. 1992), the Second Circuit ruled that evidence of an uncharged crime could not be admitted unless the jury could reasonably believe the act occurred and the defendant was the actor.

Upon information and belief, several cooperators and other individuals have proffered

5

information to the government concerning the defendant. The trial is scheduled for September 12, 2019. In order to effectively address the anticipated motion, the defense moves for an order, pursuant to Fed. Rule of Crim. Proc. 16 (a)(1)( c), directing the government to immediately disclose any and all acts which the government would seek to introduce against the defendant pursuant to Federal Rule of Evidence 404(b).

D.      If applicable, we request a copy of all scientific experiments or tests which were performed in connection with this case or which are material to the preparation of the defense or intended for use at trial. Rule 16(a)(1)(F), Fed. R. Crim. Proc.

E.      Disclosure of the identity of all government witnesses at trial. The district court has discretion to order disclosure of the identities of all testifying witnesses at trial, and this request is assessed through a six-factor test set forth in *United States v. Turkish*, 458 F. Supp. 874, 881 (S.D.N.Y. 1978).

The *Turkish* factors are as follows: "(1) Did the offense alleged in the indictment involve a crime of violence? (2) Have the defendants been arrested or convicted for crimes involving violence? (3) Will the evidence in the case largely consist of testimony relating to documents (which by their nature are not easily altered)? (4) Is there a realistic possibility that supplying the witnesses' names prior to trial will increase the likelihood that the prosecution's witnesses will not appear at trial, or will be unwilling to testify at trial? (5) Does the indictment allege offenses occurring over an extended period of time, making preparation of the defendants' case complex and difficult? (6) Do the defendants have limited funds with which to investigate and prepare their defense?" *Id.*

These factors weigh strongly in favor of disclosure. The evidence largely consists of

documents, which are, by their nature, not easily altered. These witnesses are all either in the government's custody or control and unlikely to be influenced prior testifying. This incident, although occurring on a single night, was planned over a series of months and took place almost four years ago.

F. Disclosure of all affidavits on which co-defendant's motions are predicated. Counsel for Kasimov is entitled to these motions as they contain statements that are likely to be disclosed throughout the course of the trial. Additionally, these statements may be grounds for severance, and if not disclosed, may form the basis for a mistrial.

## II. Kasimov is entitled to all co-conspirator statements made by witnesses the government does not intend to call at trial

Kasimov asks the court to order disclosure of both named and unnamed co-conspirators' statements and to conduct a hearing as to their admissibility. The general rule is that statements made by co-conspirators are *not* discoverable under Rule 16(a). *See United States v. Percevault,* 490 F.2d 126 (2d Cir. 1974). Courts in this Circuit, however, have "held that under a broad reading of Rule 16, statements of co-conspirators made during the course of and in furtherance of a conspiracy, which are attributable to a defendant, are discoverable by that defendant." *United States v. Allen*, 289 F. Supp. 2d 230, 238–39 (N.D.N.Y. 2003); *see United States v. Konefal,* 566 F.Supp. 698, 706 (N.D.N.Y. 1983).

> In *Allen* the court held:
>
> co-conspirators' statements are discoverable [] only where the government does not intend to call the co-conspirators as witnesses at trial. Where the government does intend to call such co-conspirators as witnesses, the Jencks Act controls and prevents the disclosure of government witnesses' statements, including those of co-conspirators, until the witness testifies.
>
> Here, the majority of Kasimov's co-conspirators are also charged as his co-defendants in the

7

indictment. Kasimov believes many of these co-conspirators will not be called as witnesses at trial. Kasimov, therefore, requests this court order the government to disclose all statements in its possession made during the course and in the furtherance of the conspiracy by those defendants the government does not intend to call as witnesses at trial.

### III. Request for Materials Pursuant to *Brady v. Maryland, Kyles v.Whitley, United States v. Giglio and Their Progeny*

Evidence which is material either to the guilt or punishment of the defendant must be disclosed to the defense in a timely manner. *Brady v. Maryland*, 373 U.S. 83 (1963). Evidence that will "play a role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal" must be provided by the government. *United States v. Lloyd,* 992 F.2d 348, 351 (D.C. Cir. 1983); *see also United States v. Bagley*, 473 U.S. 667 (1985). "Taken together, this group of constitutional privileges delivers exculpatory evidence into the hand of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of the criminal justice system." *California v. Trombetta*, 467 U.S. 479, 485 (1984).

If this material evidence exists in the hands of the government or an agent of the state (either state or federal), the failure to disclose this evidence is a violation of the precepts of *Brady v. Maryland*. It is immaterial that a given prosecutor does not have personal knowledge of the existence of the material. **"The individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police."** *Kyles v. Whitley*, 514 U.S. 419, 438 (1995). **Defense counsel was advised on July 18, 2019 that video and audio recordings of the events at JFK airport on February 25, 2015 exist and will be provided to counsel promptly.**

Additionally, the defense is entitled to any information that will impeach the credibility of

any witnesses the government might put forth at trial. *United States v. Bagley*, 473 U.S. 667 (1985); *see United States v. Giglio*, 405 U.S. 150 (1972). This may include any criminal history of any witnesses, any deals offered to witnesses, or any other information which may tend to impeach the credibility of any witness. Counsel requests immediate disclosure of all transcripts of trials in which the confidential informant previously testified.

Dilkhayot Kasimov is also requesting any statements by witnesses that would tend to show that he is not involved in the crimes charged in this indictment. It does not matter that the information or statements may have both inculpatory and exculpatory aspects. *See United States v. Mahaffy*, 693 F.3d 113 (2d Cir. 2012).

### IV. Disclosure of Trial Exhibits and 3500 Material

The defense requests the Court order disclosure of trial exhibits *thirty days* before the commencement of trial. This is a standing order in the Third Circuit and allows time for defense counsel to review and challenge exhibits in a timely fashion where appropriate. This request was granted by Judge Dearie in *U.S. v. Tammeco Cargill*, 17-CR-330, a case recently tried in the EDNY, notably without pretrial delay. The request has also been granted by other Judges in the SDNY, but those cases settled before trial disclosures were required.

The defense also requests the Court direct the Government to provide 3500 material to Counsel in a timely manner and requests at least thirty days in advance to trial. All or at least the vast majority of the 3500 will be translated from Uzbek to English. The defense has the right to have those translations reviewed by an interpreter to determine whether or not the translation is accurate.

### V. Other Motions

Counsel has endeavored to bring all motions applicable at this time but requests leave to bring any additional motions which may become necessary based on the Government's response to

9

the present motions or new facts uncovered by the defendant's ongoing investigation into this case. This includes but is not limited to a severance motion and a motion to suppress statements in the event the government seeks to introduce any statements by Dilkhayot Kasimov elicited by law enforcement. Counsel requests to join in co-defendant's motions where appropriate.

  WHEREFORE, the defendant respectfully moves for the relief set forth herein, and for such other and further relief as the Court may deem just and proper.

Dated: Brooklyn, New York
  July 20, 2019                /s/
                      Kelley Sharkey
                      Elizabeth Macedonio
                      Abraham Rubert-Schewel
                      *Attorneys for Dilkhayot Kasimov*