

U.S. Department of Justice

United States Attorney
Eastern District of New York

DMP/DKK/JMH  
F.#2014R01413

271 Cadman Plaza East  
Brooklyn, New York 11201

September 12, 2019

<u>By Hand Delivery and ECF</u>

Honorable William F. Kuntz II  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

   Re: United States v. Dilkhayot Kasimov  
     <u>Criminal Docket No: 15-95 (S-3) (WFK)</u>

Dear Judge Kuntz:

  The government respectfully submits this letter in opposition to the defendant Dilkhayot Kasimov's request that the government disclose every report written by Special Agent Ryan Singer in connection with this case, regardless of its connection to the subject matter of his testimony.

I. <u>Background</u>

  The government has advised defense counsel that it intends to call Agent Singer as a witness to testify about the arrest of co-defendant Akhror Saidakhmetov at John F. Kennedy International Airport in the early morning of February 25, 2015, and the search incident to arrest of Saidakhmetov, which recovered – among other items – $1600 in cash on his person and various travel documents.  The government will prove through other witnesses and evidence that the $1600 was provided to Saidakhmetov by the defendant at JFK Airport late in the evening on February 24, 2015.  Saidakhmetov's arrest and search lasted less than one hour.  The government also advised defense counsel that Agent Singer was involved in other portions of the investigation, but not as to which he will testify at trial.

  Pursuant to 18 U.S.C. § 3500, the government has turned over prior statements of Agent Singer that relate to the arrest of Saidakhmetov and the recovery of items from Saidakhmetov following his arrest.

The defendant has requested that the government provide, pursuant to Section 3500, all other reports Agent Singer has written about this case, regardless of its connection to the subject matter of Agent Singer's testimony.

II.     Discussion

Section 3500(b) provides that, after a witness called by the government has testified on direct examination, the court shall order (upon a motion of the defendant) that the government produce any statement of the witness in the possession of the government "which relates to the subject matter as to which the witness has testified." That limitation in Section 3500(b) – by its plain statutory terms – cabins the government's disclosure to statements relating to the substance of the witness's testimony, not to any matter relating to the trial in which the witness is called to testify or the investigation of a defendant.

Thus, in a recent summary order (signifying the well-settled nature of this line of case law), the Second Circuit held that statements on the same general subject matter as a witness's testimony do not relate to the subject matter as to which the witness has testified unless "they deal with the specific 'events and activities testified to on direct examination.'" See United States v. Snyder, 740 Fed. App'x 727, 728 (2d Cir. 2018) (quoting United States v. Cardillo, 316 F.2d 606, 615 (2d Cir. 1963) ("if the statement . . . does not deal with the events and activities testified to on direct examination, it is not producible under the [Jencks] Act")); see also United States v. Covello, 410 F.2d 536, 546 (2d Cir. 1969) ("the information the trial judge withheld was not sufficiently relative to the subject matters the witnesses had testified about to fall within limits of demandable material Congress had carefully delineated in 18 U.S.C. § 3500").

Based on this line of case law, the Second Circuit has repeatedly upheld determinations by district courts that the government was not required to disclose materials that did not relate to the "subject matter" of the witness's testimony although they did in some way relate to the case at issue. See, e.g., United States v. James, 609 F.2d 36, 48 (2d Cir. 1979) (no error where government did not disclose grand jury testimony of a witness, even though the witness mentioned the grand jury appearance in his trial testimony, because such reference was not a "sufficient basis to conclude that the [grand jury] transcript related to the subject matter as to which he testified" when the subject matter of the witness's trial testimony did not implicate anything stated to the grand jury (internal quotation marks and parenthesis omitted); United States v. Mayersohn, 413 F.2d 641, 643 (2d Cir. 1969) (upholding district court ruling denying a request for all statements relating to the defendant and a confederate because appellant "reads [Section 3500] too broadly in arguing that it entitles him to" such materials); United States v. Dickerson, 347 F.2d 783, 784 (2d Cir. 1965) (holding that six reports authored by government agents were properly withheld from the defendant because "they bore no relation to the subject matter of the agents' direct testimony"); United States v. Simmons, 281 F.2d 354 (2d Cir. 1960) (approving trial court decision that a statement by a bank officer about his actions immediately prior to a robbery and his general duties was not discoverable when he testified only about the events of the robbery).

Agent Singer's testimony is similarly narrow in scope, and the government has already produced (and will continue to produce, to the extent the government identifies any additional relevant material) Agent Singer's Section 3500 material related to the arrest of Saidakhmetov at JFK Airport on February 25, 2015, and the search incident to arrest that discovered the $1600 in cash and travel documents.  The defendant's efforts to stretch Section 3500 beyond the clear limitations set forth in the statute and in case law should be rejected.

III.     Conclusion

For the reasons set forth above, the Court should deny the defendant's request for disclosure of every report written by Agent Singer in connection with this case.

        Respectfully submitted,

        RICHARD P. DONOGHUE
        United States Attorney

By:     /s/
        Douglas M. Pravda
        David K. Kessler
        J. Matthew Haggans
        Assistant U.S. Attorneys
        (718) 254-7000

cc:     Clerk of Court (WFK) (by ECF)
       Elizabeth Macedonio, Esq., counsel for defendant Kasimov (by ECF)
       Kelley Sharkey, Esq., counsel for defendant Kasimov (by ECF)
       Abraham Rubert-Schewel, Esq., counsel for defendant Kasimov (by ECF)