UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

UNITED STATES OF AMERICA,                    :

                                              :

                v.                            :

                                              :

DILKHAYOT KASIMOV,                            :

                                              :

                Defendant.                    :

-------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★   SEP 1 3 2019   ★

BROOKLYN OFFICE

**DECISION & ORDER**
15-CR-95-4 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On August 15, 2019, defendant Dilkhayot Kasimov filed a motion to exclude expert testimony of Dr. Lorenzo Vidino, or in the alternative, to hold a *Daubert* hearing. *See* ECF No. 360 ("Mot."). The Government opposes Kasimov's request. *See* ECF No. 376 ("Opp."). For the reasons set forth below, the Court DENIES Kasimov's motion to preclude Dr. Vidino's expert testimony.

## BACKGROUND

The Court assumes familiarity with the underlying factual allegations in this case.

Briefly, on May 9, 2016, the Government filed a third Superseding Indictment against Dilkhayot

Kasimov ("Defendant") and four other co-defendants. *See* Superseding Indictment, ECF No.

135. The Superseding Indictment charges Defendant with conspiracy to provide material

support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1), and attempt

to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. §§

2339B(a)(1)–(2). *Id.* ¶¶ 1-2.

On August 9, 2019, the Government provided Defendant with written notice it intends to

call Dr. Lorenzo Vidino as an expert at trial pursuant to Rule 16(a)(1)(G) of the Federal Rules of

Criminal Procedure. *See* Aug. 9, 2019 Letter ("Notice of Expert"), ECF No. 354. According to

the Government, Dr. Vidino is expected to testify regarding the history, leadership,

infrastructure, and geographic bases of operation and control of the Islamic State of Iraq and al-

Sham ("ISIS") during the relevant time period outlined in the Superseding Indictment, among

1

other things. *Id.* at 1-2. The notice included a copy of Dr. Vidino's curriculum vitae and copies of recent testimony given by Dr. Vidino. *Id.* at 2. On September 7, 2019, the Government also provided a supplemental summary of Dr. Vidino's anticipated testimony. *See* Supplemental Notice at 2-3, ECF No. 389.

On August 15, 2019, Defendant filed a motion to exclude Dr. Vidino's testimony. *See generally* Mot. Specifically, Defendant contends Dr. Vidino's testimony: (1) is irrelevant to the issues in the trial; (2) would serve only to inflame the jury; (3) any relevant portions of his testimony would not be outside the scope of an average juror; and (4) any slight probative value of the testimony is outweighed by its prejudicial effect. *Id.* at 2. In response, the Government argues Dr. Vidino's anticipated testimony meets the requirements set forth in Rule 702 of the Federal Rules of Evidence because he will present specialized knowledge that will help the jury. Opp. at 4-11. In the Government's view, a *Daubert* hearing is also not necessary. *Id.* at 11-12.

## DISCUSSION

Defendant disputes the relevance of the specific categories of Dr. Vidino's anticipated testimony, as noticed by the Government. *See* Mot. at 2-5. The Court finds, based on the Government's notice, the testimony and subjects on which the Government intends to offer Dr. Vidino as an expert will assist the jury in rendering its verdict and meet the standards as set forth in *Daubert*.

### A. Sufficient Rule 16(a)(1)(G) Notice

Defendant first contends the Government's notice "falls significantly short" of the requirements set forth in Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. Mot. at 3. Rule 16(a)(1)(G) requires the Government "give to the defendant a written summary of any

testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial" at the defendant's request.

In the Government's initial notice to defense counsel regarding Dr. Vidino's testimony, the Government elaborated on Dr. Vidino's qualifications, opinions, and the reasons for those opinions. The Government also provided Dr. Vidino's curriculum vitae, summaries of his past testimony, and a report he authored as an attachment. Additionally, the Government supplemented its initial notice with another letter containing a fulsome summary of Dr. Vidino's anticipated testimony. *See* Supplemental Notice at 2-3. The Court concludes this satisfies the notice requirement of Rule 16, and defense counsel has a "fair and adequate opportunity to challenge" Dr. Vidino's expert testimony at trial. *United States v. Vasquez*, 258 F.R.D. 68, 74 (E.D.N.Y. 2009) (Spatt, J.).

## B.  Admissibility of Dr. Vidino's Expert Testimony

Defendant next argues in his motion Dr. Vidino's anticipated testimony is not relevant to deciding the issues at trial and to assisting the jury in determining whether he did or did not commit the crimes charged in the Superseding Indictment. Mot. at 4.

Rule 702 provides for the admission of expert testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact." Fed. R. Evid. 702. With respect to this helpfulness requirement, "[e]xpert witnesses are often uniquely qualified in guiding the trier of fact through a complicated morass of obscure terms and concepts." *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994). As such, the "Rules of Evidence provide a liberal standard for the admissibility of expert testimony." *United States v. Dukagjini*, 326 F.3d 45, 52 (2d Cir. 2003). Indeed, the decision to admit expert testimony is generally sustained unless "manifestly erroneous." *United States v. Tapia-Ortiz*, 23 F.3d 738, 740 (2d Cir. 1994) (citation omitted).

Expert testimony must also be both relevant and reliable pursuant to Rule 702. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147-48 (1999). This reliability requirement "should be understood in the context of the 'liberal thrust' of the Federal Rules of Evidence, and their 'general approach of relaxing the traditional barriers to 'opinion' testimony.'" *United States v. Diakhoumpa*, 171 F. Supp. 3d 148, 152 (S.D.N.Y. 2016) (Marrero, J.) (quoting *Daubert*, 509 U.S. at 588). The *Daubert* Court provided a list of several, non-exhaustive factors courts should consider in determining reliability under Rule 702: (1) whether the theory or technique can be tested; (2) whether it has been subjected to peer review; (3) whether the technique has a high known or potential rate of error; and (4) whether the theory has attained general acceptance within the scientific community. *Daubert*, 509 U.S. at 593-94. In cases involving terrorism-related offenses, education and professional experience may be sufficient to provide background information and expert testimony. *See, e.g.*, *United States v. Kassir*, 04-CR-356, 2009 WL 910767, at *6-7 (S.D.N.Y. Apr. 2, 2009) (Keenan, J.) (listing cases).

As the Government notes in its opposition to Defendant's motion, Dr. Vidino's anticipated testimony on ISIS would assist the jury in determining whether Defendant "knowingly" provided material support or attempted or conspired to do so. *See* 18 U.S.C. § 2339B. Specifically, the Government must prove Defendant knew either: (1) ISIS had been designated a foreign terrorist organization by the United States; (2) ISIS engaged in "terrorist activity"; or (3) ISIS engaged in "terrorism." *Id.* § 2339B(a)(1); *see also* Opp. at 6-7 (listing statutory examples of terrorist activity and what the Government must prove). Dr. Vidino's testimony about the history and formation of ISIS during the relevant time period can help the jury, as the finder of fact, in deciding whether Defendant knew one of these three things.

4

Dr. Vidino's proffered testimony will also include discussion of the recruiting practices of ISIS, which can assist the jury in deciding whether Defendant conspired to or attempted to provide material support to ISIS in the form of personnel. *Id.* at 9. Dr. Vidino is also expected to testify that ISIS recruits frequently traveled to Syria to join ISIS by way of Turkey, at least as of February 2015. *Id.* This testimony is relevant to the jury's factfinding as to whether Defendant knew his co-defendant Saidakhmetov was traveling to join ISIS.

Contrary to Defendant's arguments, Dr. Vidino's anticipated testimony will not discuss the specific facts of this case but instead will provide background information for purposes of assisting the jury. *Compare with United States v. Mejia*, 545 F.3d 179, 195-96 (2d Cir. 2008) ("The Government cannot take a shortcut around its obligation to prove murder beyond a reasonable doubt just by having an expert pronounce that unspecified deaths . . . have been homicides committed by members of [a gang with which the defendant was affiliated]."). The Government cites district court decisions affirmed by the Second Circuit that permitted expert testimony on background information of terrorist organizations, including their history, structure, leadership, and methods. *See* Opp. at 10-11 (citing *United States v. Aref*, 04-CR-402, 2007 WL 603508, at *16 (N.D.N.Y. Feb. 22, 2007) (McAvoy, J.), *aff'd*, 285 F. App'x 784, 2008 WL 2663348 (2d Cir. July 2, 2008) (summary order); *United v. Paracha*, 03-CR-1197, 2006 WL 12768, at *18-22 (S.D.N.Y. Jan. 3, 2006) (Stein, J.), *aff'd*, 06-CR-3599, 2008 WL 2477392 (2d Cir. June 19, 2008) (summary order)).

## C. A *Daubert* Hearing Is Not Necessary

The Court further concludes a *Daubert* hearing on the relevance and reliability of Dr. Vidino's testimony is not necessary. "Nothing requires a district court to hold a formal *Daubert* hearing in advance of qualifying an expert witness." *United States v. Ashburn*, 88 F. Supp. 3d 239, 244 (E.D.N.Y. 2015) (Garaufis, J.); *see also In re Elec. Books Antitrust Litig.*, 11-MD-2293, 2014 WL 1282293, at *32 (S.D.N.Y. Mar. 28, 2014) (Cote, J.) ("[N]othing in *Daubert*, or any other Supreme Court or Second Circuit case, mandates that the district court hold a *Daubert* hearing before ruling on the admissibility of expert testimony . . . ."). The Government must of course lay a proper foundation at trial for Dr. Vidino's expert testimony, and defense counsel is encouraged to "conduct additional questioning of the witness at trial" through cross-examination. *Diakhoumpa*, 171 F. Supp. 3d at 152-53.

## CONCLUSION

For the reasons discussed herein, the Court hereby DENIES without prejudice Defendant's motion to preclude Dr. Vidino's testimony as an expert witness for the Government.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: September 12, 2019
Brooklyn, New York

6