```
1   UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
2   -------------------------------x
                                        15-CR-95(WFK)
3   UNITED STATES OF AMERICA,
                                        United States Courthouse
4            Plaintiff,                 Brooklyn, New York

5            -against-                  September 24, 2019
                                        9:30 a.m.
6   DILKHAYOT KASIMOV,

7            Defendant.
    -------------------------------x
8

9            TRANSCRIPT OF CRIMINAL CAUSE FOR TRIAL
          BEFORE THE HONORABLE WILLIAM F. KUNTZ, II
10               UNITED STATES DISTRICT JUDGE
                       BEFORE A JURY
11

12  APPEARANCES

13  For the Government:      UNITED STATES ATTORNEY'S OFFICE
                             Eastern District of New York
14                           271 Cadman Plaza East
                             Brooklyn, New York 11201
15                           BY:  DOUGLAS M. PRAVDA, AUSA
                                  DAVID K. KESSLER, AUSA
16                                MATTHEW HAGGANS, AUSA

17

18  For the Defendant:       ELIZABETH E. MACEDONIO, P.C.
                             40 Fulton Street - 23rd Floor
19                           New York, New York 10038
                             BY:  ELIZABETH E. MACEDONIO, ESQ.
20
                             KELLEY J. SHARKEY
21                           26 Court Street - Suite 2805
                             Brooklyn, New York 11242
22                           BY:  KELLEY J. SHARKEY, ESQ.

23                           LORD & SCHEWEL
                             233 Broadway - Suite 2220
24                           New York, New York 10279
                             BY:  ABRAHAM RUBERT-SCHEWEL, ESQ.
25
```

APPEARANCES (Continued)


Also Present:                ERIKA LOPEZ, PARALEGAL SPECIALIST
                             SPECIAL AGENT MEGAN DOLAN

                             NODIRA MATYAKUBOVA, INTERPRETER
                             SANJAR BABADJANOV, INTERPRETER


Court Reporter:              GEORGETTE K. BETTS, RPR, FCRR, CCR
                             Phone:  718-804-2777
                             Email:  Georgetteb25@gmail.com


Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.

761

PROCEEDINGS

1        (In open court; jury not present.)

2        THE COURTROOM DEPUTY:  All rise.  Criminal cause for

3   trial.  Docket number 15-CR-95.  U.S.A. versus Kasimov.

4        Counsel, please state your appearances for the

5   record.

6        MR. PRAVDA:  Good morning, Your Honor.  Doug Pravda,

7   David Kessler, Matthew Haggans for the United States.  I'm

8   pleased to report we now have Special Agent Megan Dolan back

9   as well.

10       THE COURT:  Welcome back.  We have the spellings.

11  Good morning, you may be seated.

12       For the defense.

13       MS. MACEDONIO:  Good morning, Your Honor.  Elizabeth

14  Macedonio, Abraham Rubert-Schewel and Kelly Sharkey for the

15  defendant.

16       THE COURT:  Good morning.  You may be seated.

17       We have a note marked 9 it reads as follows, we'll

18  give you a copies:  Dear Judge Kuntz, we, the jury, would like

19  to request some materials that we previously asked for in

20  Court Exhibit 6.

21       I understand from my courtroom deputy that those

22  materials have been pulled together and the parties have

23  agreed as to what should go in; is that correct?

24       MR. KESSLER:  Your Honor, that's correct with one

25  exception.

PROCEEDINGS

1          THE COURT:  Let's deal with the correct part.  Have

2     you got everything that you've agreed on together?

3          MR. KESSLER:  Yes.

4          THE COURT:  Okay.  Let's get that into the jury

5     first.  That's -- how have we marked that just so it's clear,

6     have you marked that as one exhibit, a composite?

7          MS. SHARKEY:  For a response to note six.

8          THE COURT:  Okay.  Response to note six.  So as long

9     as you're both clear that that's what that pile of documents

10    is we can just take it into the jury.  Give it to my law clerk

11    who will give it to the CSO, all right?

12         MR. KESSLER:  Your Honor, perhaps, just so the

13    record is completely clear, should I just read out the

14    exhibits that are going in?

15         THE COURT:  That would probably be helpful, if you

16    don't mind.  Go ahead.

17         MR. KESSLER:  The agreed response is:  Government

18    Exhibit 10, Government Exhibit 11, Government Exhibit 12,

19    Government Exhibit 16, Government Exhibit 17, Government

20    Exhibit 57, Government Exhibit 150, Government Exhibit 165,

21    Government Exhibit 166-1.  Then there are two transcripts

22    we've agreed, as the jury requested, the full set of

23    Mr. Habibov's testimony.

24         THE COURT:  Why don't you refer to the page numbers

25    if you wouldn't mind of the transcripts, although I know

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*

PROCEEDINGS

1   sometimes they go back to page 1 on a different transcript

2   date so it can be confusing.  So try to identify it in a way

3   that's somewhat unique either Habibov pages 1 through X or

4   however you want to do.

5          MR. KESSLER:  Your Honor, what I thought we might do

6   if it's okay with the Court is because the pages skip around

7   and there are some redactions that the parties applied, we can

8   provide a copy of each transcript to the Court and we can mark

9   them as court exhibits.

10          THE COURT:  They are responsive to which request?

11          MR. KESSLER:  The jury requested the full testimony

12   of Mr. Habibov.

13          THE COURT:  I'm sorry, which number from the jury.

14          MR. KESSLER:  Six.

15          THE COURT:  Why don't we refer to these, the

16   transcripts, as something like six, the Court 6AA and

17   Court 6BB.  There are two transcripts?

18          MR. KESSLER:  That's correct.

19          THE COURT:  Is that acceptable to defense counsel?

20          MS. SHARKEY:  Yes.

21          THE COURT:  So the record is clear, so 6AA is what,

22   counsel?

23          MR. KESSLER:  6AA will be the transcript of

24   Habibov's testimony.

25          THE COURT:  Okay.  That's fine.  6BB, Court 6BB.

764

PROCEEDINGS

1        MR. KESSLER:  The transcript of Special Agent Ryan

2    Singer's testimony.

3            (Court Exhibit 6AA, was received in evidence.)

4            (Court Exhibit 6BB, was received in evidence.)

5        THE COURT:  Why don't you mark those, please

6    Mr. Jackson, give them to the law clerk who will give them to

7    the court deputy and then they will go in.

8            Is that all right for everyone.

9        MR. RUBERT-SCHEWEL:  Yes, Your Honor.

10       MS. SHARKEY:  Your Honor, there is one issue that's

11   not agreed upon.

12       THE COURT:  Right, I want to do the agreed upon

13   first, that's how I win my Nobel prizes like the president.

14       MR. KESSLER:  Your Honor, I've provided all the

15   exhibits I identified to your clerk, we've also provided

16   copies of 6AA and 6BB to your clerk.

17           The jury had also requested the transcript binders

18   and I think the record reflects that those were put in the

19   jury room last night.

20       THE COURT:  Right, the record should so reflect.  Is

21   that correct, defense counsel?

22       MS. SHARKEY:  Yes.

23       THE COURT:  We're going to take those to the CSO,

24   give them to the jury and now we can addressed the unagreed

25   upon items.

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*

PROCEEDINGS

1    MR. KESSLER:  Your Honor, as the Court may recall,

2  one of the items in note six was, and I quote, the photographs

3  of Saidakhmetov, CHS, and Kasimov at the airport.  So the

4  parties have agreed to send back the several photographs that

5  actually include those three people.

6    THE COURT:  I refer to those, just colloquially, as

7  the either approaching or at the ticket counter photographs.

8    MR. KESSLER:  Exactly.  The ticket counter

9  photographs.  In addition, mindful of the Court's guidance

10  about trying to be expansive --

11    THE COURT:  Especially since everything is in

12  evidence that we're talking about that's for my friends on the

13  17th floor.  Go ahead.

14    MR. KESSLER:  Exactly.  We also agreed to send back

15  the -- there is a photograph of just Saidakhmetov and the CHS

16  where Saidakhmetov is wearing a green hoodie and we also sent

17  a photo of the kind of the broader photo of the ticket counter

18  area.

19    THE COURT:  Right.

20    MR. KESSLER:  So all of those the parties have

21  agreed and have been provided to the jury.

22    THE COURT:  What do you not agree on?

23    MR. KESSLER:  The disagreement is that the defense

24  is reading a request for photographs as also including all of

25  the video clips at the airport and, you know, the government

PROCEEDINGS

1    objects to that.

2              THE COURT:  Why?  Are they in evidence?

3              MR. KESSLER:  They are in evidence.

4              THE COURT:  So why do you object to them going into

5    the jury room.  If the jury doesn't want to see them they

6    won't look at them.  One thing about the jury is they're very

7    smart.  If they send out a note and we send in the video clips

8    and they didn't want to see them, they'll say that's nice,

9    that moron judge sent back the video clips.

10             On the other hand, if they want to see the video

11   clips and I don't send them back in they're going to say

12   what's the matter with that judge, we asked for the pictures.

13   So why not send in the video clips.

14             MR. KESSLER:  Because I think we're trying to be

15   helpful to the jury and provide them with what they're asking

16   for.

17             THE COURT:  So do I.  What else?

18             MR. KESSLER:  That's it, Your Honor.  I think our

19   point --

20             THE COURT:  Okay, well, then they're going back.

21             Now the question is do we need to have the techy,

22   the Court techies show the jurors how to work what I refer to

23   as the dumb video machine.

24             MR. KESSLER:  Well, Your Honor, I think if the

25   jurors want to watch the video clips someone may well have to

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*

767

PROCEEDINGS

1   help them.

2         THE COURT:  Here's what we'll do.  We will send back

3   the video clips with a note from the Court saying attached are

4   the video clips from the airport or however you want to

5   characterize it, ticket counter, if the jurors were requesting

6   this, here they are and if the jurors need assistance in

7   turning on the video machine we will have a court techy --

8   just send out a note to say you want to watch it and we'll

9   have a court techy come in and turn it on for you.

10        On the other hand, if this isn't what you wanted, no

11  harm, no foul, just go ahead and look at what we already sent

12  in.

13        Does that make sense?

14        MS. SHARKEY:  Perfect.

15        MR. RUBERT-SCHEWEL:  That does, Your Honor --

16        MR. KESSLER:  Your honor --

17        MR. RUBERT-SCHEWEL:  -- I'll mention one more thing

18  and it's that the version we have of Government Exhibit 15,

19  which is the JFK Airport video is password protected.  So if

20  that's the version going in we would ask the password be

21  included.

22        THE COURT:  Of course.  I actually may have shown

23  I'm not a complete non-technical guy the other day by

24  mentioning that perhaps some of these disk were, I think term

25  I used was password protected, although I have no idea what

PROCEEDINGS

1    that means.  The only password I ever used was rosebud and I

2    can go into my bank account and steal everything until there's

3    nothing left.

4              MR. KESSLER:  We wrote back and we wrote the

5    password on the envelope that has Government Exhibit 15B

6    already.

7              THE COURT:  I'll ask my law clerks to prepare a note

8    that says Court Exhibit -- this will be 10 I guess, Court 10.

9              MR. KESSLER:  The note would be Court 10.

10             THE COURT:  I think the note should be Court 10 and

11   we will refer to the disk as Court 10A.  And the note

12   essentially will say -- in the form of an order that obviously

13   attached is the computer disk that contains -- how should we

14   describe what it contains?

15             (Court Exhibit 10, was received in evidence.)

16             (Court Exhibit 10A, was received in evidence.)

17             MR. KESSLER:  I think --

18             MR. RUBERT-SCHEWEL:  Video clips from JFK Airport.

19             THE COURT:  The video clips from JFK Airport.

20             MR. KESSLER:  Yes.

21             THE COURT:  If the jury wishes to examine these

22   clips, please send out a note indicating you wish to examine

23   them and we will have a court technician come in and prepare

24   for your ability to review it in the jury room.  If you don't

25   wish to see it, that's fine too.

PROCEEDINGS

1          MR. KESSLER:  Your Honor, one other thing --

2          THE COURT:  Yes.

3          MR. KESSLER:  -- just moving past Exhibit 15 --

4          THE COURT:  Of course.

5          MR. KESSLER:  -- I provided a copy to your clerk.  I

6    guess the only thing we should consider adding to the set of

7    exhibits going back to the jury, in light of this discussion,

8    is, as the Court will recall, there was one set of text

9    messages related -- when the defendant was talking to this

10   woman Mahliyo.

11          THE COURT:  Yes.

12          MR. KESSLER:  As a technical matter, those test

13   messages were not admitted by stipulation, they were admitted

14   by an agent who testified about them.  The jury's notes

15   requests or reads, the text messages stated in the

16   stipulations; however, I think in light of the way we're

17   reading the jury's note we shouldn't expect them necessarily

18   to have parsed so carefully what came in through stipulation

19   and what didn't and we might as well give them those text

20   messages too.

21          THE COURT:  Any objection to those text messages

22   going in as well since they are in evidence?

23          MS. MACEDONIO:  Yes, Your Honor.  The reason is the

24   jury's note specifically states, the text messages stated in

25   stipulations, one, those are not in the stipulation and, two,

PROCEEDINGS

1    they are not text messages.  That was a conversation that was

2    over what Viber.  So they are not text messages at all.  It's

3    a different type of conversation and it's clearly not what the

4    jury is asking for.

5              THE COURT:  What is your response to the objection?

6              MR. KESSLER:  That argument applies equally to a

7    request for photographs, which clearly do not encompass

8    videos.

9              THE COURT:  Okay.  I am going to overrule the

10   defense objection and I'm going to send in the materials that

11   are in evidence.

12             MR. KESSLER:  So then, Your Honor, that's

13   Exhibit 43B that I will also add to the pile that I previously

14   read.

15             THE COURT:  Yes.

16             And the defense's objection is noted for the record

17   to documents that are already in evidence.

18             So those are ready, the document.  What's the number

19   on that?

20             MR. KESSLER:  43B as in boy.

21             THE COURT:  43B.  That can be given -- Michael,

22   would you take it to the CSO and he'll give it into jurors,

23   okay.  Thank you.

24             We're having the order prepared that will accompany

25   the computer disk.

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*

PROCEEDINGS

1          Do we have any other issues to address now?

2          MR. KESSLER:  No.  To be clear I believe the set of

3    documents we've just discussed including the CD fully

4    addresses the juror note six.

5          THE COURT:  And defense counsel, any other issues to

6    address now?

7          MR. RUBERT-SCHEWEL:  No, Your Honor.

8          THE COURT:  Okay.  I have what has been prepared as

9    Court Exhibit 10 and it reads as follows:  William F. Kuntz,

10   II, United States District Judge:  The Court advises the jury

11   it has been provided with a computer disk -- how do we spell

12   disk these days, D-I-S-K or D-I-S-C?

13         MR. KESSLER:  We've done it both ways.

14         THE COURT:  Have you done it both ways too?

15         MR. RUBERT-SCHEWEL:  No objection, Your Honor.

16         THE COURT:  Okay.

17         MR. KESSLER:  I think C is the round one and K is

18   the old square one.

19         MR. HAGGANS:  I think that's right.

20         THE COURT:  Showing my considerable ignorance in

21   this area, among other areas, the Court advises the jury it's

22   been provided with a computer disk containing video clips from

23   John F. Kennedy International Airport marked as Government

24   Exhibit 15.  If the jury wishes to examine these clips, please

25   send a note to the Court requesting technical support to

PROCEEDINGS

1    examine them.  The Court will then send a technician to the

2    jury room to provide support.  So ordered.

3           Any objection to that order going in other than

4    what's been previously been stated?

5           MR. KESSLER:  No.

6           MR. RUBERT-SCHEWEL:  No, Your Honor.

7           THE COURT:  I'm signing it and sending it in to the

8    jury room and you will have the backslash version.  Court 10.

9           Thank you.  One for the court reporter.

10          I would just note for the record, but I would like

11   to have it affirmatively stated if this the case, by defense

12   counsel that these ministerial responses so far to the jury

13   request do not require the presence of the defendant and that

14   you waive it for the purposes up to the moment.  If anything,

15   comes up that you require his presence, so by all means let

16   the Court know and we will make him available, but so far you

17   haven't had any problem proceeding without the presence of the

18   defendant, I take it?  You've waived.

19          MS. MACEDONIO:  Thus far, yes, that's correct, Your

20   Honor.

21          THE COURT:  That's fine.  Just let us know if you

22   feel that you need to have him here to advise and consent with

23   respect to any of the responses.

24          MS. MACEDONIO:  We will.  Thank you.

25          THE COURT:  Thank you.  I take it the government is

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*

PROCEEDINGS

1    comfortable with that approach.

2              MR. KESSLER:  Yes?

3              (Pause in proceedings.)

4              THE COURT:  This will be note 11.  Would you sticker

5    it please, let's make copies and back on the record.

6              Let me read it to the lawyers first, then we'll make

7    the copies.  Court 11 reads as follows, and I'm going to make

8    copies and you'll have it in front of you, but I wanted you to

9    be thinking about its contents.

10             Court 11 reads as follows:  Dear Judge Kuntz, we,

11   the jury, would like to ask you to provide further

12   clarification on the second element of the first charge of the

13   attempt to provide material support to a foreign terrorist

14   organization.  Could you kindly elaborate on how we should

15   interpret, quote, provided support to a foreign terrorist

16   organization.  Respectfully yours, juror number seven.

17             So I'm going to ask my law clerks to make the

18   requisite copies of Court 11 and I'm going to ask counsel for

19   their suggested guidance with respect to the appropriate

20   response to the request that I've just read out loud to you

21   and that you will have copies of in a moment.

22             We'll begin with the government, what is your

23   suggested response, then I'll hear from defense counsel as to

24   your suggested response.  First the government.

25             MR. KESSLER:  Your Honor, we certainly have no

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*

774

PROCEEDINGS

1    objection to providing more guidance to the jury on the legal

2    questions, would it be all right if we took a minute to

3    consult the jury charge?

4            THE COURT:  Take as many minutes as you want.  Let

5    me ask defense counsel for your initial response and you can

6    have as long as you like to guide the Court by way of a

7    suggested response as well.

8            MS. SHARKEY:  Your Honor, we're also rereading the

9    charge and can give you a more informed answer in a couple of

10   minutes.

11           THE COURT:  That's absolutely fine.  Just so you

12   know in the past what I've intended to do in the response to

13   similar notes is to respectfully refer the jury to pages X

14   through Y and lines one through infinity of the jury charge.

15   You will recall that they have a copy, just one copy of the

16   complete jury charge with them in the jury room and

17   occasionally by focusing their attention through the

18   responsive note to particular pages and lines with the

19   agreement of counsel or by order of the Court if counsel don't

20   agree on the pages and lines of the charge to call their

21   attention to, that has generally proven sufficient.  What I've

22   not attempted to do was to suddenly morph into Thurgood or

23   John Marshall or Oliver Wendell Holmes or Sandra Day O'Connor

24   and suddenly come up with a brilliant rearticulation of the

25   what the statute provides.  Go ahead.

PROCEEDINGS

1          MS. SHARKEY:  Judge, we think that's the best way to
2     respond.
3          THE COURT:  Take your time and figure out which
4     pages and lines are appropriate and we'll put it in the order.
5          Thank you.  Here are your respective copies of Court
6     11.
7          MR. KESSLER:  Thank you.
8          THE COURT:  Thank you.
9          (Court Exhibit 11, was received in evidence.)
10         MS. SHARKEY:  Your Honor, we're prepared to discuss
11    whenever the government is prepared.
12         THE COURT:  Are you prepared to discuss the note?
13         MR. KESSLER:  Yes.
14         THE COURT:  I will hear first from the government
15    and then from defense counsel.
16         MR. KESSLER:  Your Honor, we think it's fairly clear
17    the defense -- the jury is referring generally to the
18    instruction on pages 40 to 41.
19         THE COURT:  I agree.
20         MR. KESSLER:  Our suggestion is that the Court refer
21    them to the prior pages, so starting at page 38 with the first
22    element and refer them to that instruction plus the second
23    element, because the second element refers to providing
24    material support.
25         THE COURT:  What is the defense response to that

PROCEEDINGS

1    suggested approach?

2            MS. SHARKEY:  We disagree, Your Honor.  We think

3    that the Court should refer them to page 40 where it --

4    through 41 describing the second element.  I guess just focus

5    them in on those pages.  In the event the Court is going to

6    adopt the government's request, then we believe that the Court

7    should also read the third element, direct them to the third

8    element.

9            THE COURT:  What is the government's response to

10   that suggestion?

11           MR. KESSLER:  I think it's unnecessary.  I mean

12   everyone agrees the focus of the jury's request is the second

13   instruction.  The jury seems to have quoted specifically from

14   the Court's heading -- I'm sorry, the jury seems to have

15   quoted specifically from the heading in the second

16   instruction, so our only point was that adding the first

17   instruction eliminates a doubt about what material support

18   means.  The third instruction is about knowing and

19   intentional, which is not referenced in the second instruction

20   at all.  We could also just read the second one and then if

21   they have further questions about the definition of material

22   support read the first one or direct them to the first one

23   afterwards.

24           THE COURT:  What is your response to the

25   government's response to your response?

PROCEEDINGS

1          MS. SHARKEY:  I'm losing track of my responses.  I

2   think the Court should just direct them to the second element

3   since we're both in agreement that that's the most responsive.

4          THE COURT:  All right.  Having heard the arguments

5   of counsel, what I'm going to do is to respectfully refer the

6   jury -- and I'll put this in the form of a written order and

7   your objections to my doing this are noted and preserved for

8   the record -- that essentially will say in response to Court

9   Exhibit Number 11, it will be order number 11A, Court A, the

10  Court respectfully refers the jury to review pages 38

11  through -- what was defense counsel's suggestion on this?

12         MS. SHARKEY:  That we read through --

13         THE COURT:  In terms of pages?

14         MS. SHARKEY:  Oh, I'm sorry.

15         THE COURT:  Through the fourth element or --

16         MS. SHARKEY:  Yes, through the bottom of 43 -- I'm

17  sorry.  Judge, we'd ask that if you're going to read the first

18  element that you direct them to read through elements one, two

19  and three, so therefore our request is that you read from

20  page 38 through page --

21         THE COURT:  Forty-three it seems; is that right?

22         MS. SHARKEY:  Yes, sir.

23         THE COURT:  So I'm going to do that.  I'm going to

24  send in an order that respectfully refers them to consider the

25  contents of pages 38 through 43 as most responsive to their

PROCEEDINGS

1   request and I will remind them that they should take the jury

2   instructions, the jury charge in its entirety and not focus on

3   any one charge or particular charges in isolation.  They have

4   to take a holistic, to use a word I almost never use, approach

5   and read.  Is that acceptable?

6           MR. KESSLER:  Yes.

7           MS. SHARKEY:  Yes.  Thank you.

8           THE COURT:  All right.  Would you draft up that

9   order for me please.

10          MS. SHARKEY:  Are you talking to counsel or --

11          THE COURT:  No, I'm talking to the real counsel

12  here.  Thank you.

13          MS. SHARKEY:  Thank you.

14          THE COURT:  That will be Court 11A.

15          (Court Exhibit 11A, was received in evidence.)

16          (Pause in proceedings.)

17          THE COURT:  Back on the record.  Let me read to you

18  what I'm going to send into the jury as Court Exhibit 11A

19  based on our discussions, but first a commercial break.

20          Counsel, let me read out loud to you what I'm going

21  to sign and send in to the jury as Court Exhibit 11A in light

22  of the conversation we've just had with respect to Court

23  Exhibit 11, the jury note.

24          William F. Kuntz, II, United States District Judge.

25  In response to the jury's note, which has been marked as

PROCEEDINGS

1    Court 11, the Court respectfully refers the jury to review the

2    content contained in pages 38 through 43 of the jury charge

3    marked as Court Exhibit 1A.  The jury is also reminded you

4    should not single out any instruction alone as stating the law

5    but you should consider the jury instructions as a whole

6    during your deliberations.  So ordered.

7              Is that acceptable to the government?

8              MR. KESSLER:  Yes.

9              THE COURT:  Acceptable to defense?

10             MR. RUBERT-SCHEWEL:  Yes, Your Honor.

11             THE COURT:  I'm going to sign this and send it back

12   into the jury.  I'll give you your backslash copies.

13             Michael, would you take it to the CSO and have him

14   give it to the jury.  Thank you.

15             That last portion should sound familiar to you

16   because of course it comes directly from Sand with respect to

17   considering the jury instructions as a whole.

18             All right, would you pass these out.

19             THE LAW CLERK:  Thank you, Judge.

20             (Pause in proceedings.)

21             THE COURT:  Do we have every one present?

22             We need the defendant for this one.  We have Court

23   Exhibit 2A and we'll get the defendant up as well.

24             I want to read Court Exhibit 2A, which says:  The

25   verdict reached.  Judge Kuntz, we, the jury, have reached a

PROCEEDINGS

780

1  unanimous verdict.  The foreperson of the jury has signed that

2  verdict sheet and will bring that verdict sheet with him or

3  her into the courtroom marked as Court 3A to be announced in

4  court when we are brought back to court by the Court Security

5  Officer.  The foreperson signed the verdict reached form and

6  signed by jury foreperson number seven and dated today's date,

7  September 24th of 2019.

8       So can we have the defendant produced.  I'm going to

9  ask copies be made of this and we'll pass them out.  Thank

10 you.

11      THE DEFENDANT:  Good afternoon.

12      THE COURT:  Good afternoon.  All right.  The record

13 should reflect that the defendant has been produced.

14      Shall we bring in the jury, counsel?

15      MR. PRAVDA:  Yes, Your Honor.

16      MS. MACEDONIO:  Yes, Your Honor.

17      THE COURT:  All right, Mr. Jackson, will you tell

18 the CSO we're ready to have the jury brought in.

19      THE COURTROOM DEPUTY:  Yes, Judge.

20      THE COURT:  Thank you.

21      (Jury enters courtroom.)

22      THE COURT:  Welcome back, ladies and gentlemen of

23 the jury, thank you very much.  Is someone missing?

24      THE JURY:  The alternates.

25      THE COURT:  I want to make sure we have everyone.

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*

PROCEEDINGS

1        I understand from a note that you sent out that the

2   jury has reached a verdict, is that so?

3        THE FOREPERSON:  We have, Your Honor.

4        THE COURT:  May I have the jury foreperson read the

5   verdict sheet out loud and the I will ask you to hand it to me

6   after you've read it out loud, Madam Foreperson.

7        THE FOREPERSON:  We, the jury, in the

8   above-captioned case hereby unanimously render the following

9   verdict:  In the first count, count to provide material

10  support to a foreign terrorist organization, we find the

11  defendant guilty.

12        In the second count, attempt to provide material

13  support to a foreign terrorist organization, we find the

14  defendant guilty.

15        THE COURT:  Thank you, Madam Foreperson.

16  Mr. Jackson, would you retrieve the verdict sheet and I'm

17  going to poll the jury.  Thank you.

18        Thank you.  Juror Number One, with respect to both

19  counts, Count One and Count Two, is that your verdict?

20        JUROR NUMBER ONE:  Yes, it is.

21        THE COURT:  Juror Number Two, with respect to both

22  counts, Count One and Count Two, is that your verdict?

23        JUROR NUMBER TWO:  Yes, it is.

24        THE COURT:  Juror Number Three, with respect to both

25  counts, Counts One and Count Two, is that your verdict?

PROCEEDINGS

1            JUROR NUMBER THREE:  Yes, it is.

2            THE COURT:  Juror Number Four, with respect to Count

3    One and Count Two, is that your verdict?

4            JUROR NUMBER FOUR:  Yes, it is.

5            THE COURT:  Juror Number Five, with respect to both

6    counts, Count One and Count Two, is that your verdict?

7            JUROR NUMBER FIVE:  Yes, it is.

8            THE COURT:  Juror Number Six, with respect to both

9    counts, Count One and Count Two, is that your verdict?

10           JUROR NUMBER SIX:  Yes, it is.

11           THE COURT:  Juror Number Seven, with respect to both

12   counts, Count One and Count Two, is that your verdict?

13           JUROR NUMBER SEVEN:  Yes, sir.

14           THE COURT:  Juror Number Eight, with respect to

15   Counts One and Two, is that your verdict?

16           JUROR NUMBER EIGHT:  Yes, Your Honor.

17           THE COURT:  Juror Number Nine, with respect to both

18   counts, Count One and Count Two, is that your verdict?

19           JUROR NUMBER NINE:  Yes, it is.

20           THE COURT:  Juror Number 10, with respect to both

21   counts, Count One and Count Two, is that your verdict?

22           JUROR NUMBER TEN:  Yes.

23           THE COURT:  Juror Number 11, with respect to both

24   counts, Count One and Count Two, is that your verdict?

25           JUROR NUMBER ELEVEN:  Yes, it is.

783

PROCEEDINGS

1          THE COURT:  Juror Number 12, with respect to both

2   counts, Count One and Count Two, is that your verdict?

3          JUROR NUMBER TWELVE:  Yes.

4          THE COURT:  Thank you.

5          Now, ladies and gentlemen of the jury, the Court

6   wants to thank you and I will also call in the alternates to

7   thank them as well for their service.  You have absolutely,

8   absolutely confirmed the faith that the lawyers, the parties

9   and the Court have in the jury system.  We all know that you

10  had other places to be, other things to do in your regular

11  lives.  We know what an imposition it has been to take

12  essentially two weeks from those lives to come here and to

13  provide this service, but this is really what makes us a free

14  society.  The ability of everyone to participate in our

15  justice system.  The parties, the defendant, plaintiffs, all

16  the lawyers are so incredibly grateful to you for your

17  distinguished service here.

18          I know this was hard.  I know it was detailed.  I

19  could tell by the notes you sent out and by your deliberations

20  and your attention throughout the course of the trial how

21  attentive you were and how true you were to the rule of law.

22  This is our system.  This is what makes our democratic

23  republic strong.  I could not be more proud of you because of

24  the time and the attention and the care you've devoted to this

25  decision.  All the parties, defendant, prosecution, the

PROCEEDINGS

1    lawyers, the Court, Court Security Officers, the Marshals, all

2    of us, all of us are grateful to you for your service.  We

3    commend you for it and we thank you for it, not just this

4    Judge and this Court, but all of the Judges of the Eastern

5    District of New York and all of the federal judges.

6            230 years ago today President George Washington

7    signed the Judiciary Act that created the Federal Judiciary

8    230 years ago today, and you are part of that noble tradition

9    that keeps men and women free.

10           So I want to thank you, God bless you.  You are

11   discharged.

12           The Court Security Officers and the Marshals will

13   take you through the process to retrieve your cell phones and

14   other personal belongings and we will certainly, certainly

15   always value the service that you have rendered to us as

16   citizens.  We could not do this without you.

17           So God bless you and God bless your service.  God

18   bless your families and I thank you.  I thank each and every

19   one of you.

20           With that you are discharged.  Thank you very much.

21           (Jury exits courtroom.)

22   THE COURT:  You may be seated, ladies and gentlemen.

23   I'm going to have the alternate jurors brought in to give them

24   a brief thanks.  As you know, they were kept in an ancillary

25   separate room.  I want to thank them and then after that we

PROCEEDINGS

1  will excuse the alternates and then we will have motions as is

2  appropriate from the parties and any other procedural matters.

3  And of course, I will make copies of the verdict sheet for

4  counsel since it is part of the record as well.

5          Want to do that now.

6          (Alternate jurors enter the courtroom.)

7          THE COURT:  Please rise.

8          I wanted to thank you alternates personally as well.

9  You were full jurors in this case and even though you were not

10  in the room with the other 12 deliberating, I wanted to thank

11  you for your service and for your attention.  Had any one or

12  any four of those 12 jurors not been able to complete their

13  service you were ready, willing and able to step in to their

14  shoes.

15          I know this has been an incredible burden for you,

16  taking you away, in effect, for two full weeks from your daily

17  lives, but I wanted you to know that you have the complete

18  thanks of all the parties of the defendant, prosecutors, the

19  United States of America, the public for your dedicated

20  service in being here.

21          You were attentive throughout the course of this

22  trial.  You were locked in throughout the course of this trial

23  and this is really what makes our country great.  I said to

24  the 12 who were just here and I'll say this to you, 230 years

25  ago today President George Washington signed the Federal

786

PROCEEDINGS

1   Judiciary Act creating the Federal Judiciary, 230 years ago

2   today.  This system doesn't work without your involvement.

3          We are a democratic republic not because of the

4   judges and the lawyers but because of you, because of you as

5   citizens who come and devote your time and your attention to

6   sitting and listening and being ready to render judgment in

7   cases both civil and criminal that come before us in the

8   federal courts.

9          I'm really humbled by your service and honored to be

10  the judge to have tried this case with you and all the lawyers

11  and all the parties.  Thank you.  And all of the judges of the

12  Eastern District, not just this judge, but all of the judges

13  of the Eastern District and all of the judges of this great

14  country thank you for your service.  I wanted to tell you that

15  directly so you would have no doubt about it.  You're every

16  bit as valuable as any juror who has ever sat here.  I want to

17  thank you for that.

18         Your service is now concluded.  You may go back

19  through the Marshal Service and the Court Security Officers

20  and we will have you retrieve your cell phones and then you

21  will be taken back with the complete, complete thanks of this

22  court and all the lawyers and parties.

23         So with that please, you're discharged.  Thank you

24  so much.

25         Thank you again, ladies and gentlemen.

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*

PROCEEDINGS

1          THE ALTERNATE JURORS:  Thank you.

2          THE COURT:  Thank you.

3          (Alternate jurors exit courtroom.)

4          THE COURT:  The alternates now as well have left the

5    courtroom.

6          Please be seated, ladies and gentlemen.  We're now

7    going to provide copies to the parties of the completed

8    verdict sheet, which is marked as Court Exhibit 3A.

9          Do we have any motions or any comments from either

10   counsel?  I'll hear first from the government.

11         MR. PRAVDA:  No, Your Honor.

12         THE COURT:  Anything from defense counsel?

13         MS. SHARKEY:  Judge, we're going to ask for 30 days

14   to file our motion.

15         THE COURT:  Yes, that is certainly granted.  Let's

16   pick a precise day and just humor an old school judge and

17   lawyer, your motion pursuant to what rule just so we're clear

18   for my friends on the 17th floor.

19         MS. SHARKEY:  I'm grabbing my calendar.

20         MS. MACEDONIO:  Our motions will be pursuant to

21   Rules 29 and 33 of the Criminal Rules of Criminal Procedure.

22         THE COURT:  A little bit slower and a little bit

23   louder for the court reporter.

24         MS. MACEDONIO:  The motions will be submitted

25   pursuant to Rules 29 and 33.

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*

PROCEEDINGS

788

1       THE COURT:  Of the?

2       MS. MACEDONIO:  Federal Criminal Rules of Procedure.

3       THE COURT:  Of course.  And what briefing schedule

4  would you like?  You say 30 days, just pick a date and then

5  we'll give the government their time to respond and your time

6  to reply.

7       MS. MACEDONIO:  May we have the 25th of October,

8  Your Honor?

9       THE COURT:  You may have it.  Twenty-fifth of

10  October.  Granted.

11      And how long would the government like to have to

12  respond to those motion papers?  I'll give you as much time as

13  you want.

14      MR. PRAVDA:  Your Honor, can we have November 22nd

15  for responses?

16      THE COURT:  Yes, that's the week before

17  Thanksgiving.  That's fine.

18      And again, the bid is now back to you, defense

19  counsel.  How many weeks would you like to have to reply to

20  those papers?  I'll give you as many weeks as you want,

21  mindful that the 28th, of course, is Thanksgiving.

22      MS. MACEDONIO:  May we have December 13th, Your

23  Honor?

24      THE COURT:  You may have that.

25      So, Mr. Jackson, would call out the dates for the

PROCEEDINGS

1   briefing schedule which we will put in a written order on ECF,

2   but I thought you should have the dates now so you could

3   address your calendars.

4           Go ahead, Mr. Jackson.

5           THE COURTROOM DEPUTY:  Defense counsel shall serve

6   and file their motion on or before October 25th.

7           The government shall serve the responsive brief on

8   or before November 22nd.

9           And the defense counsel shall serve their reply

10  brief on or before December 13th.

11          THE COURT:  And again these are all 2019.

12          I want to thank counsel on both sides.  I have tried

13  many cases both as a lawyer and now as a judge and I am very

14  grateful for the professionalism and the attention that you

15  have brought to this case, a case that was difficult for both

16  sides.

17          I want to say this and I want to say this as a

18  personal matter, I became a judge on October 3rd.  I was

19  approved by all 100 United States Senators because you

20  couldn't get much from me in a trade of a vote.  On

21  October 4th I received my certificate of appointment from the

22  President of the United States and the Attorney General and on

23  October 5th of 2011 I was sworn in by then Chief Judge Amon.

24  And on October 5th I breathed a sigh of relief not only

25  because I had the dream job of a lifetime for any litigator,

PROCEEDINGS

1   but because I was relieved I would never again have to try

2   cases against lawyers as good as you folks where inevitably I

3   would have to go home and explain to my clients and to my wife

4   and children why I lost.

5           You are truly superb lawyers, truly superb advocates

6   and you did this case with force and vigor and elegance and

7   attention to the rule of law.  I'd like to be able to bottle

8   the quality of the lawyering and the collegiality and the

9   professionalism as you were absolutely tenacious in holding

10  forth on behalf of your clients.  Because it is the best of

11  what it means to be an Article III Judge and to have such

12  great lawyers before me.  And I know as disappointing as this

13  must be for the defendant, and I understand that, you were

14  superbly represented and I said earlier on that you had two of

15  the best lawyers I'd ever seen at the defense bar and I had to

16  amend that because it is now three.  Welcome to the big

17  leagues, kid.  You're as good as your colleagues, and they are

18  terrific.  And I've got to tell you, I've got to tell you,

19  this was an amazing case and a master class both on the

20  prosecution side and the defense side of what a case should be

21  like in federal court with so much, so much on the line for

22  both parties.

23          It is truly an honor and it's truly humbling to have

24  this position, but it is made possible by the quality of the

25  lawyering that was done here.  I'm really deeply moved and I'm

PROCEEDINGS

1  deeply honored to have served as trial judge here.  It was a

2  master class in how to do this, it really was.  It really was.

3  And I'm just delighted that I don't have to go up against you

4  guys and try to make a living any more because you're way

5  better than I ever was as a lawyer.  I can say that now that

6  I've got the appointment.

7            MR. PRAVDA:  Thank you, Your Honor.

8            MS. MACEDONIO:  Thank you, Your Honor.

9            MS. SHARKEY:  Thank you, Your Honor.

10           MR. PRAVDA:  Thank you, Your Honor, from all of us.

11           THE COURT:  You are all discharged with the thanks

12  of the Court.  As we say in the law, I'll see you around the

13  hood.  Thanks.  We're adjourned.

14           (Whereupon, the trial adjourned at 12:40 p.m.)

15                 E X H I B I T S

| COURT | PAGE |
|-------|------|
| 6AA | 764 |
| 6BB | 764 |
| 10 | 768 |
| 10A | 768 |
| 11 | 775 |
| 11A | 778 |

20

21

22

23

24

25

*GEORGETTE K. BETTS, RPR, FCRR, CCR*
*Official Court Reporter*