


52 Duane Street – 7th Floor – New York, NY 10007
Office: 212-235-5494 • Cell 917-533-5965 • Email: Emacedonio@Yahoo.com

May 31, 2022

**Via ECF**

Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Dilkhayot Kasimov
15 Cr. 95 (WFK)

Dear Judge Kuntz:

We write in brief response to the government's sentencing submission and respectfully reiterate that a sentence below that called for by the guidelines is warranted based on Mr. Kasimov's history and characteristics, the conditions of confinement he has endured, his rehabilitative efforts, his limited participation in the offense, and the sentences received by his co-defendants.

In its letter to the Court, the government seeks a sentence that exceeds the sentences received by the more culpable defendants in this case. Defendants Saidakhmetov and Juraboev, who were attempting to travel to Syria to fight for ISIS, received sentences of fifteen years imprisonment. Defendant Rakhmatov, who contributed money for Saidakhmetov, including money for a firearm, received a sentence of twelve and a half years. And related defendant Khusanov has pled guilty pursuant to Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure and is expected to receive a sentence of 11 years imprisonment. All of these sentences were made possible through agreements with the government. Despite Mr. Kasimov's decision to go to trial, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar or more egregious conduct, clearly dictates that he too should receive a sentence well below twenty years.

The government, however, requests that Mr. Kasimov receive a sentence of 240 months. The government acknowledges that 18 U.S.C. §3553 (a) (6) directs Courts to avoid unwarranted sentencing disparities of similarly situated defendants who were found guilty of similar conduct, but justifies the requested departure from 18 U.S.C. §3553 (a) (6), by representing that Mr. Kasimov has not expressed remorse for his activity or taken responsibility for his behavior. This is entirely

in accurate. In multiple conversations with counsel and in his *pro se* personal statement to the Court Mr. Kasimov stated that he "has and will continue to have great remorse for his involvement of this instant case."

At its core, the government's request for a 240-month sentence is a penalty for Mr. Kasimov exercising his right to a public trial. The Sixth Amendment gives criminal defendants "the right to a speedy and public trial." The Supreme Court has stated that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978). "A defendant cannot be punished by a more severe sentence because he unsuccessfully exercises his constitutional rights to stand trial." *United States v. Devine*, 934 F.2d 1325, 1338 (5th Cir, 1991).

Judges, scholars and legal commentators have criticized what has become referred to as the "trial penalty" or the discrepancy between sentences received after a guilty plea and those received following conviction at trial for the same conduct.[1] In fact, federal judges in this District have publicly highlighted this trend and voiced criticism noting that any trial penalty has a chilling effect on Sixth Amendment rights. Former Judge John Gleeson has noted that the trial penalty has resulted in sentences so harsh that the sentences would be laughable if only there were not real people on the receiving end of them. See, *United States. v. Holloway, 68 F. Supp*. 3d 310 (E.D.N.Y. 2014). Judge Gleeson has written that the trial penalty is multifaceted and widespread, and used to gain leverage for guilty pleas. *United States v. Kupa*, 976 F. Supp. 2d 417 (E.D.N.Y. 2013). As a private attorney, former Judge Gleeson has warned that in too many cases, excessive trial penalties are the result of judges having internalized a cultural norm when defendants proceed to trial.

These same concerns have been raised at sentence by other Judges in the Southern District of New York. See *Eubanks v. United States*, No. 92 Cr. 392 (LAP), 2017 WL 2303671 *5 (S.D.N.Y. 2017) (Judge Preska urging prosecutors to reconsider recommending life imprisonment for a defendant who was offered and rejected a plea offer with a sentencing range of 151 to 188 months); *United States v. Washington*, No. 11 Cr. 605 (RJS), ECF No. 109 at 12 (S.D.N.Y. 2014) (Judge Sullivan criticizing prosecutors for seeking to impose a 52-year sentence on a criminal defendant who had rejected a 10-year plea bargain and calling such a sentence "unnecessary and unjust"). And finally, Judge Rakoff has stated that the trial penalty creates "government rewards to those who surrender their constitutional rights, so few dare to exercise them." *United States v. Cabrera*, No. 10 Cr. 94-7 (JSR), 2021 WL 1207382 *5 (S.D.N.Y. Mar. 31, 2021).

---

[1] See, https://www.nacdl.org/Document/TrialPenaltySixthAmendmentRighttoTrialNearExtinct.

In this matter, Mr. Kasimov's sentence should not be higher than those of his co-defendants simply because he elected to go to trial.

Respectfully submitted,

*Elizabeth E. Macedonio*
Elizabeth E. Macedonio
Kelley J. Sharkey
*Attorney for the Defendant*
*Dilkhayot Kasimov*

All Parties Via ECF